**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 17-CR-26-LRR |
| vs. | | **ORDER** |
| CHRISTOPHER MATTHEW DAVIES, | | |
| Defendant. | | |

*TABLE OF CONTENTS*

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     RELEVANT PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . 1

III.    FINDINGS OF FACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.     BENCH TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        A.    Elements of the Crime . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        B.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
              1.    Statutory-purpose analysis . . . . . . . . . . . . . . . . . . . . . . . . 5
              2.    Post-Schilling decisions . . . . . . . . . . . . . . . . . . . . . . . . . . 7
              3.    Determination of Defendant's guilt . . . . . . . . . . . . . . . . . . 9
        C.    Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.      MOTION FOR JUDGMENT OF ACQUITTAL . . . . . . . . . . . . . . . . . . . 10

VI.     DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.  INTRODUCTION

The matters before the court are judgment on Defendant Christopher Matthew Davies's bench trial, and Defendant's Motion for Judgment of Acquittal ("Acquittal Motion").

## II.  RELEVANT PROCEDURAL BACKGROUND

On May 3, 2017, a grand jury returned a one-count Indictment (docket no. 2) charging Defendant with possession of a firearm by a previously convicted felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On December 1, 2017, Defendant filed a Waiver of Jury Trial (docket no. 15).  On December 27, 2017, the government filed a Notice of Consent to a Non-Jury Trial (docket no. 18).  On January 2, 2018, the parties filed a "Joint Stipulation in Lieu of Trial Evidence" ("Stipulation") (docket no. 20) and Exhibit A (docket no. 20-1).  On January 4, 2018, the parties filed Exhibit B (docket no. 21) and Exhibit C (docket no. 21-1).  On January 11, 2018, the court conducted the bench trial.  *See* January 11, 2018 Minute Entry (docket no. 22).  The court admitted the Stipulation and Exhibits A-C into evidence; no additional witness testimony or evidence was received.  *See id*.  Defendant *ore tenus* moved for a judgment of acquittal, and the court reserved ruling.  *See id*.  The parties made oral argument as to the verdict.  *See id*. On January 18, 2018, Defendant filed his trial brief ("Defendant's Trial Brief") (docket no. 23).  On January 21, 2018, the government filed its trial brief ("Government's Trial Brief") (docket no. 24).  The matters are fully submitted and ready for decision.

### III.  FINDINGS OF FACT

The court makes the following factual findings beyond a reasonable doubt:

On September 8, 2016, Defendant, pursuant to an oral plea agreement, pleaded guilty to two felony counts in two criminal cases before the Iowa District Court for Linn County ("Iowa District Court").  In Case No. FECR116311, Defendant pleaded guilty to one count of forgery, a violation of Iowa Code §§ 715A.2(1), 715A.2(1)(c) and 715A.2(2)(a).  In Case No. FECR116474, Defendant pleaded guilty to burglary in the third degree, in violation of Iowa Code §§ 713.1 and 713.6A.  Each charge was punishable by a term of imprisonment greater than one year.  Under the terms of the plea agreement, Defendant also pleaded guilty to two lesser-included misdemeanors in two other counts; two additional counts were expected to be dismissed by the State of Iowa at the time of sentencing.  The Iowa District Court scheduled sentencing for December 13, 2016. Defendant remained at liberty pending sentencing.

On October 25, 2016, Defendant traveled to the home of his mother and her live-in boyfriend in Cedar Rapids, Iowa, within the Northern District of Iowa. There, Defendant took knowing possession of a Savage Model 112 .22-250-caliber rifle, bearing the serial number F439551, and a Marlin Model 60 .22-caliber rifle, bearing the serial number 06225280 (collectively, "the firearms"). Each is a firearm because each is designed to, and will, expel a projectile by the action of an explosive. The firearms were both manufactured outside of the State of Iowa. Each was transported across a state line and traveled in interstate commerce at some time prior to Defendant's possession on October 25, 2016. Defendant brought the firearms to a local pawn shop and pawned them for $400.

On December 13, 2016, the Iowa District Court sentenced Defendant in both cases. Defendant did not file a motion in arrest of judgment, nor did the court arrest judgment on its own motion. The Iowa District Court deferred judgment on the two felony and two misdemeanor counts. Defendant was placed on probation, pursuant to Iowa Code § 907.3(1), until December 13, 2019. The Iowa District Court dismissed the remaining counts pursuant to the plea agreement.

## IV. BENCH TRIAL

### A. Elements of the Crime

The court must find that Defendant is not guilty of the crime charged unless the government has proven three elements beyond a reasonable doubt: (1) that Defendant knowingly possessed a firearm; (2) that the firearm had been transported in interstate commerce; and (3) that, prior to possession of the firearm, Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1); *see also United States v. Wyatt*, 853 F.3d 454, 457 (8th Cir. 2017) (enumerating the elements of the crime of unlawful possession of a firearm). Defendant has stipulated that he knowingly possessed the firearms and that the firearms traveled in

interstate commerce. Stipulation ¶¶ 6, 7, 9; *see also* Defendant's Trial Brief at 1-2. The sole issue before the court is whether Defendant had been "convicted" of a felony, for purposes of 18 U.S.C. § 922(g)(1), at the time he possessed the firearms.

Defendant possessed the firearms after he pleaded guilty to two felony counts, but before the Iowa District Court entered the deferred judgment. *See* Stipulation ¶¶ 4, 6, 10. The parties dispute, however, whether the entry of the guilty plea constituted a conviction. For purposes of § 922(g)(1), "[w]hat constitutes a conviction of [a felony] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).[1] Therefore, the court must look to Iowa law to determine whether the entry of a guilty plea, prior to imposition of any sentence or deferred judgment, constitutes a conviction.

## B.  Analysis

Defendant argues that a plea of guilty alone is insufficient to constitute a conviction. He argues that the court should apply the same test that it previously applied to a related issue in *United States v. Reth*, No. 06-CR-159-LRR, 2007 WL 1058467 (N.D. Iowa Apr. 5, 2007), *aff'd*, 258 F. App'x 68 (8th Cir. 2007). Defendant claims that under that test, which originated in *Schilling v. Iowa Dep't of Transp.*, 646 N.W.2d 69 (Iowa 2002), a guilty plea is only one of four required elements of a conviction, and that the other

---

[1] In 1983, the United States Supreme Court held that a predicate offense under § 922(g) is defined by federal law, rather than state law. *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111-12 (1983), *superseded by statute*, 18 U.S.C. § 921(a)(20) (1986); *see United States v. Storer*, 413 F.3d 918, 921 (8th Cir. 2005) (recognizing that *Dickerson* was superseded, in part, by statute). The Supreme Court applied federal law and held that an Iowa deferred judgment that had been expunged was a conviction for purposes of § 922(g) and (h), despite the fact that the defendant successfully completed the term of probation. *Dickerson*, 460 U.S. at 115. In 1986, Congress amended § 921(a)(20)'s definition of predicate offenses so that state law now defines what constitutes a predicate conviction. Firearms Owners' Protection Act of 1986, Pub. L. No. 99-308, § 101(5), 100 Stat. 449 (1986).

elements are absent in this case. Accordingly, Defendant contends that he must be found not guilty.

The government posits a broader definition of "conviction." It argues that the court should not apply the *Schilling* test because subsequent case law by the Iowa Supreme Court has specifically abjured that test. The government asks the court instead to define a conviction as a determination of legal guilt, either by the entry of a guilty plea or the finding of guilt by a jury. Thus, the government argues, Defendant's September 8, 2016 guilty pleas alone constitute convictions, and therefore he must be found guilty.

### 1. Statutory-purpose analysis

The Iowa Supreme Court has noted that the word "conviction" is ambiguous and "may have different meanings within different contexts." *State v. Kluesner*, 389 N.W.2d 370, 372 (Iowa 1986). It has pointed to two particular definitions that are at odds:

> [T]echnically the word means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to an ascertainment of his guilt.
>
> In its general and popular sense and frequently in its ordinary legal sense, the word 'conviction' is used in the sense of establishment of guilt prior to and independently of judgment and sentence by a verdict of guilty or a plea of guilty.

*Id.* (quoting *State v. Hanna*, 179 N.W.2d 503, 508 (Iowa 1970)). In *Kluesner*, the Iowa Supreme Court noted that it has long looked to the legislative purpose behind a statute to determine which definition should apply. *See id.* (providing Iowa Supreme Court cases examining legislative purpose). The Iowa Supreme Court has "construed the word 'conviction' to have a relatively narrow and technical meaning where it appears in statutes used to enhance punishment, [but has] accepted a broader definition when protection of the public has been at stake." *Id.*

The *Schilling* test was born out of this dichotomy. In *Schilling*, the petitioner had previously pleaded guilty to eluding a law enforcement vehicle and an Iowa District Court

deferred judgment. *See Schilling*, 646 N.W.2d at 70. His driver's license was then suspended by the Iowa Department of Transportation in accordance with an Iowa statute requiring the Department to suspend the driver's license of anyone convicted of eluding a law enforcement vehicle "when such conviction has become final." *Id*. (quoting Iowa Code § 321.209). He petitioned for judicial review of the suspension, arguing that a deferred judgment was not a "final conviction," as required by statute and therefore his license was not subject to revocation. *Id*. Notably, the petitioner "[did] not argue that he [had] not been convicted . . . only that any conviction [had] not become final." *Id*. at 73.

The Iowa Supreme Court began its analysis by examining the purpose of the license-revocation statute. *See id*. ("The first question is whether the license revocation is aimed at the protection of the public or as a punishment measure."). Finding that no precedents defined "final conviction," for either protective or punishment statutes, the Iowa Supreme Court developed the following test:

> If the revocation statute is protective in nature, the establishment of the following elements will be sufficient to show that a conviction exists: (1) [a] judge or jury has found the defendant guilty, or the defendant has entered a plea of guilty; (2) the court has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed; (3) a judgment of guilty may be entered if the person violates the terms of probation or fails to comply with the requirements of the court's order; and (4) the conviction has become final. A conviction is final if the defendant has exhausted or waived any postorder challenge.

*Id*. The court determined that the statute was protective in nature and that, "[t]herefore, a broad definition of 'conviction' [was] appropriate." *Id*. The Iowa Supreme Court found that the four factors had been met and, thus, concluded that "the deferred judgment constitute[d] a conviction." *Id*.

Five years after *Schilling*, this court was presented with the question of whether an Iowa deferred judgment constituted a conviction for purposes of 18 U.S.C. § 922(g)(1).

*See Reth*, 2007 WL 1058467, at \*1. In the absence of clear authority from the Iowa Supreme Court, the court applied the *Schilling* test. *See id*. at \*3-4. The court determined that an Iowa deferred judgment met the four factors of *Schilling*, was a conviction under Iowa law and, therefore, met the definition of a conviction for purposes of § 922(g)(1). *Id*. at \*4-5.

Since the court's decision in *Reth*, however, the Iowa Supreme Court has twice examined the definition of "conviction" specifically in the context of possession of a firearm by a felon. The issue before the court now is whether the application of the *Schilling* test is still the appropriate analysis in light of these decisions.

### 2.    Post-**Schilling** *decisions*

The Iowa Supreme Court's decisions in two post-*Schilling* cases cast doubt on the suitability of applying the *Schilling* test to the case at bar. In *State v. Tong*, 805 N.W.2d 599 (Iowa 2011), the State of Iowa charged the defendant with being a convicted felon in possession of a firearm, in violation of Iowa Code § 724.26 after he had received a deferred judgment on a burglary charge. *See Tong*, 805 N.W.2d at 600. The defendant filed a motion to dismiss, "urg[ing] that a deferred judgment could not be considered a felony conviction for the purposes of § 724.26." *Id*. at 601. The district court denied the defendant's motion and he was tried and convicted. *Id*.

On appeal, the Iowa Supreme Court acknowledged its prior use of the statutory-purpose distinction in defining conviction. *See id*. at 602 ("Historically, we have treated a deferred judgment as a 'conviction' when the purpose of the statute was to protect the community, but not when the statute's purpose was to increase punishment.") (citing, *inter alia*, *Schilling*, 646 N.W.2d at 71-72). Rather than apply the *Schilling* test, however, the court noted that "[such] distinction may be of limited usefulness here," because the felon-in-possession statute is both protective and punitive in nature. *Id*.

Instead, the Iowa Supreme Court focused on whom the legislature had intended the law to cover. It noted that "[§] 724.26 applie[d] both to persons who had been convicted of felonies and to persons who had been 'adjudicated delinquent on the basis of conduct that would constitute a felony if committed by an adult.'" *Id*. The court found that it would be illogical to bar possession of a firearm by a juvenile but not an adult who had been found to commit substantively the same offense. *See id*. at 602-03. Thus, the court concluded that the legislature must have "intended the statute to cover persons who had engaged in certain conduct, *i.e.*, acts that constitute felonies, [which] supports a broad interpretation of the term 'convicted.'" *Id*. at 602.

The Iowa Supreme Court made no mention of the four-part *Schilling* test. Moreover, the court forwent the test despite the fact that it was reviewing a decision from the Iowa Court of Appeals, which had rigorously applied the *Schilling* test. *See State v. Tong*, No. 10-0689, 2011 WL 1136453, at *4 (Iowa Ct. App. Mar. 30, 2011) (upholding the defendant's conviction because a deferred judgment meets the four elements of the *Schilling* test). By declining to apply the *Schilling* test, even upon review of an intermediate court's opinion that did so, the Iowa Supreme Court implicitly found that the test was not appropriate for felon-in-possession cases.

In *State v. Olsen*, 848 N.W.2d 363 (Iowa 2014), the Iowa Supreme Court offered clearer guidance as to how a conviction should be defined for unlawful firearm possession cases. In *Olsen*, the court considered whether an out-of-state deferred judgment constituted a conviction for purposes of § 724.26, where the defendant had entered a plea of "no contest" instead of a plea of guilty. *See id*. at 367-68. The defendant argued that his no-contest plea could not form the basis of a predicate conviction "because guilt was not established either through a plea or a trial verdict." *Id*. at 366 (quotations omitted). The Iowa Supreme Court rejected this argument, finding the distinction between a guilty

and no-contest plea immaterial. The court found that the defendant's situation fell "comfortably within the holding in . . . *Tong*." *Id*. at 371. It went on to explain:

> We do not think there are hard convictions and soft nonconvictions when a plea bargain leads to a judicial finding of guilt. All judicial findings of guilt pursuant to the plea bargaining process are convictions under the general and popular use of the term.
>
> In short, we do not use the no contest plea as evidence of anything, but instead focus on what the Wisconsin district court did in this case upon receipt of the no contest plea. And we think that the Wisconsin court made a determination of guilt sufficient to meet the requirements of "convicted" under our felon-in-possession statute.

*Id*. at 373 (citations and footnotes omitted).

The reasoning of this passage establishes that a plea becomes a "conviction" for purposes of Iowa's felon-in-possession law when the defendant's guilt has been sufficiently established for the presiding court to make a determination of guilt and proceed to sentencing. With this understanding, the court now turns to the question of Defendant's conviction.

### 3. *Determination of Defendant's guilt*

In the present case, it is clear that the Iowa District Court made a determination of guilt on September 8, 2016, such that Defendant was "convicted" on that date. The transcript of the plea hearing reveals that the Iowa District Court asked Defendant if he wished to enter a plea of guilty, and he responsed, "Yes, Your Honor." Exhibit B at 3. After explaining the range of possible penalties and the meaning of a guilty plea, the Iowa District Court asked the question even more directly:

> THE COURT: In other words, you're telling me you are guilty of these offenses, and you do not want a trial. And that is correct, is it not?
>
> MR. DAVIES: Yes, sir.

*Id.* at 5. Moreover, the Iowa District Court explained to Defendant the elements of each charge, asked him, element by element, if each was present in his case and Defendant assented. *See id.* at 10-13. Having received these admissions from Defendant, the Iowa District Court stated, "I find there is a factual basis for each of the pleas, they were voluntarily, intelligently made; therefore, I will accept the same." *Id.* at 13. The Iowa District Court ordered a presentence investigation and set the matter for sentencing. *Id.* at 13-14.

It is apparent that the Iowa District Court made a determination of Defendant's guilt sufficient to constitute a conviction. The court considered his guilty plea, made inquiry to determine if there was a factual basis for the plea, found that there was a sufficient factual basis and accepted Defendant's plea. This determination was also reduced to writing. *See* Exhibit C at 1 ("[T]here is a factual basis for the charges filed and the Defendant's guilty pleas; . . . and [they] are hereby accepted and entered of record."). Upon receipt and acceptance of Defendant's guilty plea, the Iowa District Court scheduled a sentencing hearing. The fact that the Iowa District Court did not sentence Defendant at that time, but rather waited until the completion of a presentence investigation report, is insufficient to undermine the conclusion that Defendant was convicted at the time of his plea. Therefore, Defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year at the time he possessed the firearms.

### C. Verdict

The court finds Defendant guilty, beyond a reasonable doubt, of the offense of possession of a firearm by a previously convicted felon, as alleged in the the Indictment.

## V. MOTION FOR JUDGMENT OF ACQUITTAL

In the Acquittal Motion, Defendant moves for judgment of acquittal, both at the close of the government's case and at the close of all of the evidence. Federal Rule of Criminal Procedure 29(a) provides that "the court on the defendant's motion must enter

a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. *See* Fed. R. Crim. P. 29(c).

Here, the guilty verdict was determined by the court in a stipulated bench trial. Therefore, this is not a typical motion for acquittal because there is no jury verdict to assess. The court has determined that the government proved Defendant's guilt beyond a reasonable doubt. Therefore, for all of the reasons set forth herein, the court shall deny the Acquittal Motion. *See United States v. Mitchell*, 388 F.3d 1139, 1142-44 (8th Cir. 2004) (affirming the district court's denial of a motion for acquittal after a bench trial).

## VI. DISPOSITION

Accordingly, **IT IS ORDERED** as follows:

1. The court finds the evidence has proven, beyond a reasonable doubt, that Defendant is **GUILTY** of possession of a firearm by a previously convicted felon, as charged in the Indictment (docket no. 2);

2. The court **DENIES** the Acquittal Motion;

3. The United States Probation Office is **DIRECTED** to conduct a presentence investigation and to prepare a report;

4. The attorneys are **DIRECTED** to timely comply with the deadlines for preparation of the presentence report;

5. Defendant is **DETAINED** pursuant to 18 U.S.C. § 3143(a)(1). Defendant has now been convicted of a criminal offense and is "awaiting imposition or execution of sentence." *Id*. The court is unable to find by "clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to the safety of any other person or the community if release." *Id*.

**IT IS SO ORDERED.**

**DATED** this 12th day of February, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA